# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**LUCY MORGAN**                                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO: 1:06cv337-SA-JAD**

**STARKVILLE SCHOOL DISTRICT and**
**KATHI WILSON**                                                                 **DEFENDANTS**

## MEMORANDUM OPINION

Comes now before this Court, Defendant Kathi Wilson's Motion for Summary Judgment. After reviewing the motion, response, rules, and authorities, the Court makes the following findings:

*Factual and Procedural Background*

Beginning with the 2005-2006 school year, Starkville School District hired Kathi Wilson, an African-American female, as principal of the Starkville High School. Plaintiff Lucy Morgan, a Caucasian female, was a nine-year veteran special education teacher when Wilson came on as the principal at the high school.

Lucy Morgan asserts that Wilson started the school year with the intention of treating white teachers harshly and assumed that all white people are racists. Moreover, Morgan claims that Wilson accused her of being a racist and began harassing her and other white teachers such that Morgan required medical attention due to the alleged terrible working conditions.

In January of 2006, Plaintiff contends that Wilson assaulted Lisa Vickers, a white teacher, because Vickers sent her child to a private school. After the altercation, Vickers supposedly fled to Morgan's classroom. Morgan asserts she told other faculty at Starkville High School what she observed as a result of the assault. Vickers later filed assault charges against Wilson. During the pendency of that action, a circuit court judge ordered Wilson to stay away from Morgan because

Morgan was listed as a witness for Lisa Vickers.

Morgan argues that this fact, that Morgan was to be a witness against Wilson and for Vickers, caused her to be non-renewed for the 2006-2007 school year. Morgan was notified of her non-renewal and a school board hearing was held on April 24, April 25, and May 11, 2006, regarding her discharge. Before the findings of fact could be released, Morgan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 5, 2008. On June 8, 2006, the Starkville School Board upheld the recommendation for non-renewal of Lucy Morgan, and on June 27, the Starkville School District affirmed that decision.

Lucy Morgan filed this federal lawsuit against the Starkville School District and Kathi Wilson individually alleging a myriad of claims. Both Defendants filed motions for summary judgment, and the parties have agreed to limit the claim against Starkville School District to the Title VII race discrimination and retaliation claim and proceed to trial on those claims. Moreover, Plaintiff has conceded all federal constitutional claims against Kathi Wilson and seeks only to hold Wilson liable for intentional interference with employment relations.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the

district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

*Discussion*

Plaintiff Lucy Morgan asserts that Kathi Wilson "maliciously interfered with Morgan's employment" by recommending that Morgan be non-renewed. We interpret this cause of action to be one of intentional interference with performance of a contract. The four elements for this tort are:

(1) that the acts were intentional and willful;

(2) that they were calculated to cause damage to the plaintiffs in their lawful business;

(3) that they were done with the unlawful purpose of causing damage and loss, without regard or justifiable cause on the part of the defendant (which constitutes malice); and

(4) that actual damage or loss resulted.

In addition, the plaintiff must prove that the contract would have been performed but for the alleged interference. Par Indus., Inc. v. Target Container Co., 708 So. 2d 44, 48 (Miss. 1998) (internal citations omitted). The district court in Liston v. Home Insurance Company, 659 F. Supp. 276, 281 (S.D. Miss. 1986), stated as follows:

3

> The element of willfulness and calculation does not require a showing on the part of the plaintiff that defendant had a specific intent to deprive plaintiff of contractual rights. Rather, the requisite intent is inferred when defendant knows of the existence of a contract and does a wrongful act without legal or social justification that he is certain or substantially certain will result in interference with the contract.

(citing Cranford v. Shelton, 378 So. 2d 652, 655 (Miss. 1980)).

Without doubt, Mississippi law recognizes, on behalf of one whose contractual relationship has been tortiously interfered with, a right of recovery from the interferer. Protective Service Life Insurance Co. v. Carter, 445 So. 2d 215, 219 (Miss. 1983). One who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for pecuniary loss resulting to the other from the failure of the third person to perform the contract. See Restatement (Second) of Torts § 766 (1979); Cranford, 378 So. 2d at 655 ; Southwest Drug Co. v. Howard Brothers Pharmacy of Jackson, Inc., 320 So. 2d 776, 778 (Miss. 1975); Irby v. Citizens National Bank of Meridian, 239 Miss. 64, 67, 121 So. 2d 118, 119 (1960); Bailey v. Richards, 236 Miss. 523, 536-37, 111 So. 2d 402, 407 (1959). On the other hand, one occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual relationship with a third person. Shaw v. Burchfield, 481 So. 2d 247, 254-255 (Miss. 1985) (citing Restatement (Second) of Torts § 770 comment b, illustration 3 (1979)).

Morgan asserts that Kathi Wilson interfered with her employment and insists that questions of intent and bad faith on the part of Kathi Wilson are questions for the jury. Wilson counters that the issue is whether she intentionally or unjustifiably caused Morgan's employment with the Starkville School District to be terminated, and she believes the answer is no.

When asked who made the decision to nonrenew Lucy Morgan's contract, Phillip Burchfield, the Starkville School District Superintendent, stated, "Based on the plan of improvement, I made the decision on Ms. Morgan." Further, Burchfield testified:

Q: Did Ms. Wilson recommend to you or tell you that she thought Lucy Morgan should be nonrenewed?

A: No.

Q: Did you have any input at all from Ms. Wilson when you're making the decision to nonrenew Lucy Morgan?

A: No.

When discussing the reason for non-renewal, Burchfield explained that Lucy Morgan was put on a "plan of improvement" issued on November 1, 2005. Because Morgan had procedures to follow, Burchfield relied on Kathi Wilson to monitor the plan as he issued it to Morgan. Indeed, Morgan had to submit weekly reports on where her students would be working and at what times to Kathi Wilson for approval. When asked whether she had any role in Morgan's non-renewal, Wilson explained that "Ms. Morgan was placed on a plan of improvement by Dr. Burchfield and he asked me if she complied with the conditions of that plan and I had to say, no, she did not. That was my role." She further explained that Morgan had not, in fact, complied with the terms of the plan of improvement. Moreover, Wilson acknowledged that as principal, she signed a document which stated Lucy Morgan was to be non-renewed, but noted that it was not a document for Morgan individually, but had all teachers' names listed. However, in her answer to Plaintiff's Complaint, Kathi Wilson "admits that on March 7, 2006, Wilson recommended that Morgan be non-renewed as a teacher for the school year of 2006-2007."

"Tortious interference is based on intermeddling - a tort occurs if *without sufficient reason*,

5

one person intentionally interferes with another's contract even if the interference is by giving information that is completely accurate, when the purpose was to cause interference and injury results." Morrison v. Miss. Enter. For Tech., Inc., 798 So. 2d 567, 575 (Miss. Ct. App. 2001). Even though Morgan has failed to rebut that Burchfield did have cause to recommend her non-renewal, she has raised an inference that Kathi Wilson's comments regarding her performance under the plan of improvement may have been made in bad faith due to her status as a witness. As such, there is a genuine issue of material fact as to whether Kathi Wilson tortiously interfered with Lucy Morgan's employment contract. Moreover, Kathi Wilson's testimony and pleadings are contradictory and create a question of fact as to whether she recommended Morgan's non-renewal. Therefore, Wilson's Motion for Summary Judgment is denied.

*Conclusion*

There exists a genuine issue as to whether Kathi Wilson's actions in relation to Lucy Morgan were taken in bad faith or not. Accordingly, trial will commence in this action on whether Wilson tortiously interfered with Lucy Morgan's employment contract, and whether Starkville School District discriminated and retaliated against Lucy Morgan on the basis of her race in contravention of Title VII.

SO ORDERED, this the   6th   day of August, 2008.

                                                              **/s/ Sharion Aycock**
                                                               **U.S. DISTRICT JUDGE**